FERNÁNDEZ GONZÁLEZ, APPELLANT, *v.* REGISTRAR OF SAN JUAN,
RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing
to Record a Cancellation.

No. 356.—Decided June 6, 1918.

RECORD OF TITLE—CURABLE DEFECT.—In order to correct a defect appearing in
the registry the copy of the instrument endorsed as recorded with the
defect need not necessarily be presented, since the presentation of said
copy in no way influences the correction of the defect.

ID.—ID.—DECLARATION OF PAYMENT.—After considering the terms of the cor-
recting instrument, the origin of the present appeal, it was held that the
declaration of payment was not made solely by the person who assumed
the obligation to pay the liabilities, but was made in agreement with the
person who imposed that condition, and that the cancellation sought should
be recorded.

The facts are stated in the opinion.

*Mr. José de Guzmán Benítez* for the appellant.

The respondent did not appear.

MR. JUSTICE ALDREY delivered the opinion of the court.

By a deed executed in the year 1910 the mercantile firm
of Padial & Villar was dissolved and by the same deed Ma-
nuel Padial, one of the partners, transferred his interests
and rights in the partnership and in a real property which
they had acquired to his sole partner, Villar & Company, on
the condition that the latter should discharge the liabilities
of the firm. It seems that this deed was presented in the reg-
istry and recorded subject to some defect, for during the
present year the two partners of Padial & Villar again ap-
peared before a notary and, after setting forth some an-
tecedent facts and reciting that the said deed of dissolution
was defective in that it failed to state the amount of the
liabilities of the firm of Padial & Villar and to appraise or
refer to the interest of Padial in the real property referred
to, they added that Villar & Company having complied with
their obligation to discharge the said liabilities, they freely
and spontaneously covenanted: First, determining the amount
of the liabilities of Padial & Villar, the interest of Padial

in the said real property and the value of that interest; second, Carlos Conde, as representative of Villar & Company, stated that this firm had fulfilled the obligations which it had contracted by reason of the assignment by Padial to pay and discharge the liabilities of Padial & Villar, and that he desired and agreed that this fact should appear of record in the registry of property.

By virtue of this instrument the registrar corrected the former defect, but assigned a new curable defect of failure to present the same copy of the deed of dissolution of Padial & Villar on which he had endorsed his decision, and refused to cancel the deferred purchase price of the interest in the said real property on the ground that the debtors were the ones who had made the declaration of payment while it should be made by the creditors.

We find nothing to warrant the assignment of the said curable defect, for in order to correct defects appearing in the registry, it is not necessarily essential to present the copy of the deed on which the decision assigning the defect was endorsed, inasmuch as the presentation of that copy has no influence whatever upon the correction of the defect. It would be convenient perhaps to the interested party that the correction of the defect should appear on the same copy in which the defect was assigned so that the correction might follow the assignment of the defect, but this is not obligatory. Moreover, the presentation of another copy, instead of the same copy on which is endorsed the decision of admission to record with defects, does not affect the validity of the instrument without producing its nullity, which is the meaning of curable defects according to the Mortgage Law.

As regards the other defect assigned as grounds for the refusal to make the cancellation, it depends upon the construction given to the corrective instrument mentioned at the beginning. Its terms are not altogether as clear as they should be, but are sufficiently so to enable us to say that the declaration of the payment of the liabilities of Padial & Villar

was not made exclusively by the representative of Villar & Company, who assumed the obligation to pay the liabilities, but was made in common agreement with the person who imposed that condition, for Manuel Padial was a party to that deed and, together with the other party, stated not only that the deed of dissolution contained a certain defect, but also that the obligation assumed by Villar & Company to discharge the liabilities of Padial & Villar had been complied with. As Manuel Padial was the one who voluntarily imposed the condition in the assignment, he could and did acknowledge its fulfilment. Hence its cancellation in the registry of property should have been made as requested.

The decision appealed from should be

*Reversed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.